# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | William J. Hibbler | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 11 C 403 | DATE | February 10, 2011 |
| CASE TITLE | Mitchell et al v. PNC Bank et al | | |

**DOCKET ENTRY TEXT:**

The Court DENIES Plaintiffs' Motion to Proceed *in forma pauperis* (doc. #4) without prejudice. The Court further DENIES Plaintiff's Motion for Appointment of Counsel (#5) as moot. The Court DISMISSES the Complaint with prejudice for failure to state a claim.

■[ For further details see below.]  Docketing to mail notice.

## STATEMENT

Cherie Collins and Sharon Mitchell ask the Court to allow them to proceed with their complaint *in forma pauperis*. The federal *in forma pauperis* statute enables indigent litigants to have meaningful access to federal court, allowing them to proceed without prepaying filing fees and other court costs. *Neitzke v. Williams*, 490 U.S. 319, 324, 109 S.Ct. 1827 (1989). Nevertheless, a litigant who proceed without the burden of court costs or filing fees does so at the expense of the public. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). The Court must assess both whether Matthews truly is indigent and also whether his claim states a claim for relief. *Id.* at 327.

Here the Court cannot assess whether Collins and Mitchell have stated a claim for relief. The Complaint consists of a rambling narrative of events that makes little sense. So far as the Court can discern, Collins and Mitchell believe they were defrauded at the closing of the purchase of their home. Precisely how is not entirely clear. Collins and Mitchell's concern appears to revolve around Exhibit N to the closing documents, a notice to them of the potential recapture tax if they sold their home within a certain period of time. Apparently, Collins and Mitchell believe that they did not sign the document at closing. As proof, they point to the signed copy of the Exhibit and insist it is fraudulently signed because it bears a fax-stamp date that is earlier than the date of their closing. Of course, if the documents were faxed to the closing agent, the fax-stamp would in fact be represented by a date that is earlier than the date of their closing. So this allegation makes little sense. Still the Court must accept as true the Plaintiffs' allegation that the signature on Exhibit N was forged. Later, a representative contacted them to inform them that the original copies of Exhibit N had been destroyed and asked them to resign the Exhibit. According to Collins and Mitchell, this representative worked for the Defendant PNC, yet the letterhead of the letter states that National City Mortgage sent the letter. Collins and Mitchell's allegations continue on, but nowhere in their recitation of events do they allege that they were harmed by any of the events that transpired. Even if Collins's signature on Exhibit N was forged (by PNC or the closing agent), it is not clear what damages they suffered,

# STATEMENT

particularly given the fact that sometime later another entity, National City Mortgage, requested their signature on Exhibit N after the original document was accidentally destroyed. It is not clear whether Collins and Mitchell are upset that someone allegedly forged Collins's signature or whether the Plaintiffs are upset that after the original document was destroyed someone asked them to resign Exhibit N. In the first instance, it is difficult to see and how the Plaintiffs were harmed by the alleged forgery, particularly given that they make no allegation that they would have declined to undertake the mortgage if the signature on Exhibit N was required, when their loan closed anyway, when they have not alleged that they have been harmed by the alleged forgery, and when the alleged original document was destroyed, returning them to the same position they were in with respect to Exhibit N prior to the closing. If the latter event forms the kernel of their claim, it is not clear that they have even named the right party — for the request came from National City Mortgage, not PNC Bank. Simply put, the Court cannot discern a claim of fraud from the Plaintiffs' narrative of events.

More importantly, even if the Court were to conclude that Collins and Mitchell stated a claim for fraud, they have not adequately invoked this Court's jurisdiction. Collins and Mitchell do not point the Court to any federal statute that forms the basis of their claim and their allegation of fraud suggests a common-law state claim. To bring a common-law state claim in Federal Court, the Court must have jurisdiction under 28 U.S.C. § 1332. Among other things, § 1332 requires that a claim exceed a certain amount ($75,000) and that the parties are citizens of different states. Given that the Plaintiffs principally seek the return of their down payment (approximately $30,000) and the monies paid under the mortgage, it is not clear that their claim meets the jurisdictional amount. In addition, the Plaintiffs allege neither their citizenship, which is presumably Illinois, nor the Defendants' citizenship.

Finally, the Complaint is signed by Sharon Mitchell and not by Cherie Collins. The HUD Statement attached to the Complaint, however, does not indicate that both Sharon Mitchell and Cherie Collins were borrowers. Rather, only Cherie Collins is identified as a borrower. Mitchell, thus, appears to have no standing. Nor can she, if she is not an attorney (and she does not represent that she is) file a complaint on behalf of Collins.

If a plaintiff seeking leave to proceed *in forma pauperis* pursues a complaint that is frivolous — one that lacks an arguable basis in law or fact — courts should deny the application and dismiss the complaint. *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992); 28 U.S.C. § 1915(e)(2)(B)(I). Perhaps the Plaintiffs' complaint is not frivolous. Moreover, courts should also dismiss *in forma pauperis* complaints when the Court determines that the Complaint fails to state a claim. 28 U.S.C. § 1915(e)(2)(B)(ii). Even affording the Complaint a liberal construction, the Court finds that Collins and Mitchell have failed to set forth a Complaint that meets the federal pleading standard as explained in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, — U.S. —, 129 S.Ct. 1937 (2009). For the foregoing reasons, the Court DENIES Collins's and Mitchell's Motion to Proceed *in forma pauperis* (doc. # 4) and dismisses their Complaint with prejudice. The Court DENIES the Plaintiffs' motion for appointment of counsel (doc. #5) as moot.

*Wm. J. Hibbler*